UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22392-CIV-MOORE/SIMONTON

ISTVAN BATHAZI,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES,
DAVID L. ROARK, OFFICER 75, and
ADMINISTRATIVE APPEALS OFFICE,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (dkt # 12). The Plaintiff filed a Response (dkt # 13).

Upon consideration of the Motion, Reponse, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case is one of a number of lawsuits that Plaintiff's counsel has filed on behalf of foreign amateur athletes who are seeking to become permanent residents of the United States. The Plaintiff, Istvan Bathazi ("Bathazi") is a swimmer who hails from Hungaria. In an attempt to secure permanent resident status, Bathazi filed three Immigration Petitions for Aliens of Extraordinary Ability ("I-140 petitions"). The U.S. Citizenship and Immigration Services ("USCIS") first approved, then revoked, each of these petitions. Compl. ¶¶ 9-10. Bathazi filed a lawsuit in this district challenging the adjudication of his third I-140 petition, and that case was

ultimately dismissed for lack of subject matter jurisdiction. See Order Granting Defendants' Motion to Dismiss, Bathazi v. U.S. Dep't of Homeland Sec. et al., No. 07-22503-CIV-COOKE (S.D. Fla. Aug. 6, 2008) (dkt # 26).

On September 28, 2008, Bathazi submitted a fourth Form I-140 to USCIS. On August 12, 2009, Bathazi filed a Complaint, styled a "writ of mandamus/Bivens action" (dkt # 1) seeking to compel the Defendants to adjudicate his fourth I-140 petition.[1] Compl. ¶ 11. The Complaint also seeks unspecified preliminary injunctive relief and a temporary restraining order, alleging that Bathazi "will suffer further irrational agency action" if "the irrational acts of the Defendants are not brought to an end." See id. at 8. On August 17, 2009, this Court issued an Order to Show Cause (dkt # 7) why Bathazi's requested relief should not be granted. On September 8, 2009, the Defendants filed a Response (dkt # 10) stating that on that date USCIS had denied Bathazi's fourth I-140 petition, and that therefore this case had become moot. The Defendants attached to their Response a copy of USCIS's seven-page adjudication letter, which determined that Bathazi had not met the burden of proving that he is an "alien of extraordinary ability" under section 203(b)(1)(A) of the Immigration and Nationality Act. USCIS Adjudication Letter, Ex. A to Defs.' Resp. to Order to Show Cause (dkt # 10-1).

On October 13, 2009, the Defendants filed the instant Motion, arguing that the Court lacks subject matter jurisdiction over Bathazi's claims; that this case is now moot as a result of the USCIS adjudication; and that the Complaint fails to state a claim for relief. Bathazi filed a twenty-two page Response that is largely unresponsive to the Defendants' jurisdictional

---

[1] The named defendants in this case are the U.S. Department of Homeland Security ("DHS"); USCIS, which is a division of DHS; the Administrative Appeals Office of USCIS ("AAO"); David L. Roark ("Roark"), the Director of USCIS's Texas Service Center, and an unidentified "Officer 75" (collectively, "the Defendants").

2

arguments. The Response argues that there is still a live controversy because, following USCIS's denial of Bathazi's fourth I-140 petition, Bathazi submitted a fifth I-140 petition.

## II. ANALYSIS

### A. Lack of Subject Matter Jurisdiction

As noted above, this is not the first time that Bathazi has sought mandamus relief with respect to an I-140 petition. A review of cases filed in this district in the past five years alone indicates that Bathazi's counsel has filed at least nine nearly identical actions on behalf of I-140 petitioners, including Bathazi's prior action, that have been dismissed for lack of subject matter jurisdiction.[2] In one of these cases, Bathazi's counsel pursued an appeal in the Eleventh Circuit, which affirmed the district court's dismissal. See Sands v. U.S. Dep't of Homeland Sec. et al., 308 F. App'x 418, 420 (11th Cir. 2009). The U.S. Supreme Court recently rejected a petition for certiorari in that case. See Sands v. U.S. Dep't of Homeland Sec., __ S. Ct. __, 2009 WL 1146440 (cert. denied Oct. 5, 2009).

These cases have consistently held that this Court lacks jurisdiction to consider a challenge to a discretionary act such as the adjudication of an I-140 petition—and indeed, that

---

[2] See the orders of dismissal in the following cases: Karpeeva v. U.S. Dep't of Homeland Sec. at al., No. 09-21278-CIV-JORDAN (S.D. Fla. Aug. 12, 2009) (dkt # 26); Sands v. U.S. Dep't of Homeland Sec. et al., No. 08-21371-CIV-JORDAN (S.D. Fla. Sept. 12, 2008) (dkt # 35); Jayme v. U.S. Dep't of Homeland Sec. et al., No. 07-23022-CIV-SETIZ (S.D. Fla. Apr. 28, 2008) (dkt # 23); Bathazi v. U.S. Dep't of Homeland Sec. et al., No. 07-22503-CIV-COOKE (S.D. Fla. Aug. 6, 2008) (dkt # 26); Gherghel v. U.S. Dep't of Homeland Sec. et al., No. 06-20002-CIV-HIGHSMITH (S.D. Fla. Mar. 12, 2008) (dkt # 20); Miranda v. U.S. Dep't of Homeland Sec. et al., No. 06-20320-CIV-SEITZ (S.D. Fla. June 29, 2006) (dkt # 14); Bessenyei v. U.S. Dep't of Homeland Sec. et al., No. 05-22177-CIV-COOKE (S.D. Fla. Feb. 28 2006) (dkt # 42); Quintero v. U.S. Dep't of Homeland Sec. et al., No. 05-22003-CIV-HUCK (S.D. Fla. Dec. 12, 2005) (dkt # 19); Gomez v. U.S. Dep't of Homeland Sec. et al., No. 05-20823-CIV-UNGARO (S.D. Fla. Aug. 1, 2005) (dkt # 22). A tenth case was dismissed for failure to state a claim for relief. See Tjin-A-Tam v. U.S. Dep't of Homeland Sec. et al., No. 03-23447-CIV-GRAHAM (S.D. Fla. Sept. 9, 2004) (dkt # 23).

Congress has affirmatively divested the federal courts of such jurisdiction.[3] See 8 U.S.C. § 1252(a)(2)(B)(ii); Grinberg v. Swacina, 478 F. Supp. 2d 1350, 1352 (S.D. Fla. 2007). The law has not changed in any material fashion since Bathazi's last suit in this district was dismissed for lack of subject matter jurisdiction, and Bathazi does not argue otherwise. The only difference between this case and Bathazi's prior case is that he now purports to bring a constitutional tort claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Bathazi's non-Bivens jurisdictional arguments are patently frivolous, and could be resolved simply by way of reference to any of the numerous well-reasoned decisions of this Court that have already disposed of them. The Court, however, need not even reach them, or Bathazi's Bivens claim, because this case has become moot in light of the adjudication of Bathazi's fourth I-140 petition.[4]

B.  Mootness

Article III of the United States Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" or "Controversies." U.S. Const. art. III, § 2. "[A]n action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997). The doctrine of mootness therefore requires a federal court to determine whether a matter is moot before it may exercise jurisdiction. See North

---

[3] Bathazi cites only one case in this district decided after the recent amendment of 8 U.S.C. § 1252 in which a factually similar challenge was not dismissed for lack of jurisdiction. See Order Denying Motion to Dismiss, Tjin-A-Tam v. U.S. Dep't of Homeland Sec. et al., No. 05-23339-CIV-COOKE (S.D. Fla. Mar. 12, 2007) (dkt # 24). In that case, unlike here, the I-140 petition that was the subject of the complaint was still pending at the time the Court rendered its decision on the motion to dismiss. Furthermore, the jurisdictional analysis in that case was confined to the federal mandamus statute, see id. at 5-6, and did not consider the jurisdiction-stripping provisions of 8 U.S.C. § 1252.

[4] Even in the absence of any other barriers, however, Bathazi's Bivens claim against DHS, USCIS, and AAO would have to be dismissed with prejudice, because Bivens claims cannot be brought against federal agencies. See Fed. Deposit Ins. Co. v. Meyer, 510 U.S. 471, 486 (1994); Okpala v. Jordan, 193 F. App'x 850, 852 (11th Cir. 2006).

Carolina v. Rice, 404 U.S. 244, 246 (1971). A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216-17 (11th Cir. 2000) (citations and quotation marks omitted). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401-02 (1975) (citations and quotation marks omitted). Any decision rendered on the merits of a moot case would be an impermissible advisory opinion. Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Bathazi brought this action to compel the Defendants to adjudicate his fourth I-140 petition. The Complaint seeks only unspecified injunctive relief with respect to that petition, and does not request damages. As Bathazi acknowledges, his fourth petition has now been adjudicated. Even if there were no other jurisdictional bar, there is no longer any live controversy remaining for this Court to consider. Bathazi's fifth I-140 petition and his I-485 petition, both filed on September 15, 2009, are not the subject of the Complaint, and cannot retroactively transform this action into a live controversy.[5] Accordingly, this case must be dismissed as moot.

C.    Rule 11 Proceedings

Federal Rule of Civil Procedure 11 states that, in presenting an argument to the Court, an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

---

[5] It is unclear why Bathazi filed yet another I-140 petition, when the letter denying his fourth petition expressly stated that he could appeal that denial. See USCIS Adjudication Letter, Ex. A to Defs.' Resp. to Order to Show Cause (dkt # 10-1). To the extent that Bathazi's decision not to appeal the denial of his fourth petition constitutes a failure to exhaust administrative remedies, that is also a basis for dismissing this case. See Jayme v. U.S. Dep't of Homeland Sec. et al., No. 07-23022-CIV-SETIZ (S.D. Fla. Apr. 28, 2008) (dkt # 23).

establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11(b)(2) "imposes a duty upon attorneys and parties to refrain from filing or pursuing frivolous claims." Ruszala v. Walt Disney World Co., 132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000). Rule 11 sanctions are appropriate "when the claimant exhibits a deliberate indifference to obvious facts," but not "when a claim is merely weak." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). Bathazi's counsel's persistence in bringing nearly identical challenges to the I-140 adjudication process in the face of repeated jurisdictional dismissals may be an example of the deliberate indifference that Rule 11 is intended to correct. These ongoing, frivolous challenges waste the time and resources of this Court, the Defendants, and the plaintiffs on whose behalf the lawsuits are filed.[6] Accordingly, pursuant to Federal Rule of Civil Procedure 11(c)(2), Bathazi's counsel shall show cause why he is not subject to Rule 11 sanctions.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss Plaintiff's Complaint (dkt # 12) is GRANTED. This case is DISMISSED. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT. It is further

ORDERED AND ADJUDGED that the Court retains jurisdiction to conduct further Rule 11 proceedings as necessary with respect to Bathazi's counsel. It is further

---

[6] In addition to the many lawsuits discussed above, Bathazi's counsel, Charles Sibley, has also filed at least one other similar lawsuit that is currently pending in this district. See Complaint, Versfeld v. U.S. Dep't of Homeland Sec. et al., 09-22923-CIV-JORDAN (S.D. Fla. Sept. 29, 2009) (dkt # 1). Another of the cases listed above, Karpeeva, was dismissed for lack of subject matter jurisdiction, but with leave to re-plead a Bivens claim, which is currently pending. Sibley also filed a lawsuit on his own behalf against DHS, in which he argued that DHS deliberately targets and denies immigration applications that he submits on behalf of his clients. This suit was dismissed for failure to state a claim for relief. See Order of Dismissal, Sibley v. U.S. Dep't of Homeland Sec. et al., No. 07-21309-CIV-COOKE (S.D. Fla. July 24, 2008) (dkt # 92).

ORDERED AND ADJUDGED that on or before November 16, 2009, Bathazi's counsel, Charles Sibley, shall SHOW CAUSE in writing why his repeated filing of lawsuits challenging the federal government's I-140 petition adjudication process does not violate Federal Rule of Civil Procedure 11(b). If necessary, the Court will schedule a sanctions hearing by separate Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of November, 2009.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record